PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* HIGGS.

[No. 20,594.    Filed December 5, 1905.    Rehearing denied January 12, 1906.]

1. CARRIERS. — *Railroads.* — *Passengers.*—*Negligence.*—*Contributory.*—Where the evidence shows that plaintiff, a passenger on defendant's passenger-train, was violently thrown from his seat in the coach and injured by a collision of such train with a freight-train on the same road, and no explanation thereof is made by defendant, its negligence and plaintiff's freedom from contributory negligence are established.    p. 701.

2. PLEADING. — *Complaint.*—*Railroads.*—*Carriers.*—*Torts.*—*Contracts.*—A complaint by a passenger showing that defendant railroad company was a passenger carrier for hire; that he had for a certain consideration purchased a ticket entitling him to ride as a passenger thereon; that by reason of defendant's negligence in permitting a collision of its passenger-train and a freight-train plaintiff was injured, is in tort and not on a contract, no special contract being alleged.    p. 701.

3. SAME.—*Answer.*—*Carriers.*—*Railroads.*—*Contracts.*—*Limiting Liability.*—Where defendant railroad company relies upon a contract to defeat plaintiff's action for damages for its negligence it must set out such contract as an answer.    p. 702.

4. TRIAL.—*Pleading.*—*Contracts.*—*Express.*—*Implied.*—*Variance.* —Where plaintiff declares upon an implied contract and the proof shows an express contract, there is a fatal variance.    p. 702.

5. CARRIERS.—*Passengers.—Who Are.—Contracts.*—Where a person purchases a ticket for passage on a railroad and is accepted as a passenger thereon, he is invested with all the legal rights of a passenger for hire, and if such ticket contains reasonable conditions assented to by such person it constitutes a contract. p. 704.

6. SAME.—*Passengers.—Coupon Tickets.*—The purchase of a coupon ticket from the Northern Pacific Railroad Company at Spokane, Washington, to Nicholasville, Kentucky, a part of which entitled plaintiff to ride from Chicago, Illinois, to Cincinnati, Ohio, over defendant's road, constitutes plaintiff a passenger for hire on defendant's road, defendant having accepted such coupon for its road. p. 705.

7. SAME.—*Passengers.—Coupon Tickets.—Defendant's Receipt of Part of Price.*—It is not necessary for plaintiff to prove the exact amount defendant carrier received of the purchase price of a coupon ticket on which he was riding when injured by defendant's negligence. p. 705.

8. PLEADING.—*Proof.*—While the plaintiff must recover on the cause alleged in his pleadings, he is required to prove only the substance of the material facts constituting his cause of action. p. 705.

9. CARRIERS.—*Contracts.—Negligence.—Relief Against.*—A common carrier can not by contract relieve itself from its negligence toward its passengers. *Payne* v. *Terre Haute, etc., R. Co.,* 157 Ind. 616, distinguished. p. 705.

10. TRIAL.—*Instructions.—Questions Not Before Jury.*—Where the verdict is right on the evidence, giving or refusing certain instructions on a question not really involved in the case is harmless. p. 706.

11. CARRIERS. — *Railroads. — Collision. — Negligence. — Res Ipsa Loquitur.*—Where a passenger proves an injury by a collision of his train with another of defendant company's trains, a *prima facie* case of negligence is established, and it is defendant's duty to overcome same by proof that such accident could not be avoided by the exercise of the highest practical care and diligence. p. 706.

12. TRIAL.—*Burden of Proof.—Carriers.—Negligence.*—The burden of proof of defendant carrier's negligence remains on the plaintiff throughout the trial. p. 708.

13. SAME.—*Instructions.—Misleading.*—An instruction which, though erroneous, does not mislead the jury to defendant's injury is not reversible. p. 708.

14. SAME.—*Right Result.*—Where the trial court reached a right result, its judgment will be affirmed. p. 708.

From Cass Circuit Court; *George A. Gamble,* Special Judge.

Action by George W. Higgs against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment on a verdict for plaintiff for $300, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*G. E. Ross,* for appellant.
*Charles E. Yarlott* and *Nelson & Myers,* for appellee.

Jordan, J.—On July 13, 1903, appellee filed a complaint in the Cass Circuit Court, whereby he alleged that appellant railroad company was, at the time therein mentioned, a corporation owning and operating a railroad known as the "Panhandle," extending from the city of Chicago, Illinois, through the State of Indiana, to the city of Cincinnati, Ohio, and that said railroad company was a common carrier of passengers for hire. The complaint further averred that on April 22, 1903, said defendant railroad company, in consideration of the sum of $10, received the plaintiff, appellee herein, as a passenger over its said railroad from Chicago, Illinois, to Cincinnati, Ohio, and while on its cars, on his journey, at or near the village of Kouts, in the State of Indiana, by and through the negligence of said defendant and its servants in running and managing its trains of cars, the train on which plaintiff was riding collided with another train, which was being run and operated by the defendant; that plaintiff was then and there and, because of such collision, suddenly and forcibly thrown out of his seat, whereby one of his ribs was broken, his head bruised and spinal column strained and injured, all because of said collision; that he was rendered senseless for some time, and his injuries were of such a nature and character that it became necessary for him to have the immediate attention of a physician, and that ever since he has suffered great pain and mental anguish. Other

facts are alleged, disclosing his age, occupation, good health and condition at the time of the accident, and his inability thereafter to perform any work, etc. The complaint closes with the demand for $15,000 damages.

A demurrer thereto for want of facts was overruled and thereupon appellant filed an answer in three paragraphs: (1) A general denial. (2) Alleging that on April 20, 1903, the plaintiff and the Northern Pacific Railway Company entered into a special contract at Spokane, Washington, by which the plaintiff was entitled to ride as a second-class passenger over the lines of said Northern Pacific Railway Company from Spokane to Chicago, Illinois, and over the lines of the defendant Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company from Chicago, Illinois, to Cincinnati, Ohio. Other lines of railway over which plaintiff was entitled to ride on said ticket to Nicholasville, Kentucky, are stated. It is then averred that "the plaintiff agreed and undertook to assume all risks of accident and damage to his person or property while so traveling or being carried over said lines of railway; that said agreement was in the form of a ticket, and delivered to plaintiff by said Northern Pacific Railway Company, and was the only evidence of his right to ride or be carried over said lines; that, in pursuance of said agreement as expressed in the ticket, the plaintiff started from said Spokane and was so traveling on said ticket, and not otherwise, at the time he is alleged to have been injured, as stated in the complaint," etc. Wherefore defendant says the plaintiff ought not to recover in this action. (3) The third paragraph is substantially the same as the second, and thereby appellant alleged and set up as a defense to the action that "by the terms of said contract the plaintiff agreed and undertook to assume all risks of accident and damage to his person or property while so traveling or being carried over said several lines of railroad." No copy of the contract or agreement referred to is filed with or made a part of either of the paragraphs of answer.

A demurrer by appellee for want of facts was sustained to the second and third paragraphs. The cause, being at issue upon the complaint and answer of general denial, was tried by a jury, and a general verdict in favor of appellee, awarding him damages in the sum of $300, was returned by the jury. Along with this general verdict the jury returned answers to a number of interrogatories. By their answers to the latter the jury found, among other things, substantially the following facts: The plaintiff got upon one of defendant's passenger-trains at the city of Chicago, Illinois, about midnight on April 22, 1903, his final destination being Nicholasville, Kentucky. Before boarding said train he had purchased a ticket which entitled him to ride over the defendant's railroad. This ticket was purchased by the plaintiff at Spokane, Washington, from the Northern Pacific Railway Company, and was a special, limited, second-class, contract ticket. Interrogatory number eleven, with the answer thereto, is as follows: "Was the plaintiff, George W. Higgs, received by the defendant at Chicago, and being carried over its railroad from Chicago, Illinois, to Cincinnati, Ohio, April 23, 1903, under a special contract in writing signed by him and entered into with the Northern Pacific Railway Company at Spokane, Washington? A. Yes. Meredith Tyner, foreman." Over appellant's motion for a new trial and for judgment on the special answers of the jury the court rendered judgment on the general verdict.

Appellant appeals and assigns and argues for reversal certain alleged errors of the trial court.

The following facts appear to be clearly established by the evidence: Appellant is a corporation, owning and operating a railroad extending from Chicago, Illinois, through the State of Indiana, to Cincinnati, Ohio, and is a common carrier of freight and passengers for hire. On April 20, 1903, appellee purchased from the agent of the Northern Pacific Railway Company at the city of Spokane,

Washington, a coupon second-class ticket, which entitled him to be carried as a passenger from said city of Spokane to Nicholasville, Kentucky, the latter being the home town of appellee. One of the coupons of this through ticket entitled him to be carried as a passenger over appellant's railroad from Chicago, Illinois, to Cincinnati, Ohio. The price which he paid for this through ticket was $53.

The evidence does not expressly disclose the precise amount of money which appellant was entitled to receive from the railroad company selling the ticket for the distance which it carried appellee over its lines of railway, but it is shown that it would be entitled to receive a proportionate part of the price of the ticket, the exact amount being a matter of calculation on the arrangement which it had with the railroad company which sold the ticket.

Appellee appears to have started on his journey from Spokane on Sunday night, and arrived at Chicago the following Wednesday, being April 22, 1903. On the latter day, about midnight, he boarded one of appellant's passenger-trains at said city of Chicago, intending to become a passenger thereon from said city to the city of Cincinnati, Ohio. He went into the ladies' car and took a seat about the center of that coach. He appears to have utilized two seats, one of which was turned over. As he was tired and sleepy from the effects of his long journey he used these two seats for the purpose of lying down thereon, and soon after reclining upon the seats he fell asleep. After the train had left Chicago the conductor in charge thereof came through the passenger-car where plaintiff was, examined his ticket, and thereupon punched the coupon which entitled him to be carried from Chicago to Cincinnati. After sleeping for some time appellee was awakened by a severe and sudden jolt, which gave forth a "dead sound." All he appears to have remembered on being awakened was that there was much confusion in the car, some of the

women were screaming, and he, in the excitement and confusion at the time, made a dash for the door of the car, and was there informed by some one that the train on which he was riding and a freight-train on appellant's road had collided with each other at a point near Kouts, Indiana. He returned to his seat, lay down thereon, felt sick, became very pale, great beads of sweat stood upon his face, and he complained of being injured, and evidences of the fact that he was severely injured and was suffering were apparent to some of his fellow passengers. The conductor, on learning of appellee's injury, telegraphed to the company's physician at Logansport to attend upon appellee and give him medical attention when the train should arrive there. This appears to have been done. The physician gave appellee some medicine and put plasters on his back to alleviate his suffering. Medicine also appears to have been administered to him between Logansport and Cincinnati. At the latter city, being unable to help himself, he was assisted from the train and conveyed to a station where he was placed on a train to carry him to Nicholasville, Kentucky. After reaching home physicians were called to examine him and they discovered that one of his ribs was broken or fractured, and that he was injured in other parts of his body. He continued to be disabled for quite a length of time, and was under medical treatment.

That the injuries which appellee received were the result of the collision in question, and that said accident was the proximate cause thereof, are fully sustained by the evidence. It is shown that the train upon which appellee was being carried collided with a freight-train which appellant owned and was operating upon its railroad, and which at the time was in charge of its agents and servants. These facts are undisputed. The conductor in charge of the passenger-train upon which appellee was being carried at

the time was introduced at the trial as a witness in behalf of appellant, and his testimony goes to prove that the wreck or collision was caused by the failure of the engine attached to the freight-train to steam properly, and the breaking of a coupling. The collision was of such great force as to demolish the pilot of the engine of the passenger-train upon which appellee was being carried, and to wreck completely the caboose attached to the freight-train.

That the collision in question was due to the negligence of appellant is, under the evidence, beyond controversy. There is also an entire absence of any evidence to

1. show that appellee was in any manner guilty of contributory negligence; hence this element of the case may be dismissed without any further serious consideration.

Appellant's counsel argues that the complaint in this action is based upon an implied contract, while, as he asserts, the jury, by their answers to interrogatories,

2. have found that appellee was being carried at the time of the accident under a contract which was evidenced by a special limited contract ticket. An examination of the complaint, however, fully reveals that it is not predicated on a contract, either express or implied, but the pleader relies wholly on a breach of duty imposed by law on appellant company as a carrier of passengers for hire. That the action presented by the complaint sounds wholly in tort is manifest. What is averred therein as to the consideration which appellee paid for his transportation as a passenger over appellant's road is but a mere inducement to the action to disclose or show his right to sue as a passenger. 15 Ency. Pl. and Pr., 1124; 4 Elliott, Railroads, §1693. As a general rule, in determining whether an action like this is predicated on contract or tort, the court will look to the nature of the action alleged in the complaint, and, if no special contract is therein set

out, it will construe the pleading as based on the tort of which the plaintiff complains.   4 Elliott, Railroads, §1694.

Unless the facts alleged in plaintiff's complaint are of such a character as to show that he assumed the risk, so as to be legally binding on him, or that the liability of appellant carrier is limited by some special contract, the latter, if it relied upon such an agreement or contract, must specially plead it as a defense to the action.   *Citizens St. R. Co.* v. *Twiname* (1887), 111 Ind. 587; 4 Elliott, Railroads, §1696.

Appellant's learned counsel in his argument apparently travels on the assumption that the complaint in this action is founded on the implied contract, and from this standpoint of assumption he proceeds to argue that, inasmuch as the jury found by interrogatories that appellee was being carried over appellant's road on a special limited second-class contract ticket, which he had purchased at Spokane from the Northern Pacific Railway Company, therefore he can not recover in this action, and that appellant's motion for judgment on the answers to the interrogatories to the jury should have been sustained.

In support of this argument we are cited to a class of cases like *Lake Shore, etc., R. Co.* v. *Bennett* (1883), 89 Ind. 457, *Hall* v. *Pennsylvania Co.* (1883), 90 Ind. 459, and *Indianapolis, etc., R. Co.* v. *Forsythe* (1892), 4 Ind. App. 326, which were actions arising out of the loss or destruction of goods and chattels which had been delivered by the shipper to the carrier for transportation under such bills of lading.   In these cases the plaintiff appears to have ignored the bills of lading containing a special contract under which the goods were shipped, and sued on the implied contract of a common carrier.   The court in these cases held that, inasmuch as the evidence disclosed that the goods in suit were shipped under the terms or provisions of a special contract, consequently there could be

no recovery by the plaintiff upon an implied contract, but that the causes should have been based on the bill of lading, and for that reason it was held that there was a fatal variance between the complaint and the proof. These decisions, however, have no application to the case at bar. As previously stated, the cause of action is not based on a contract, express or implied, but sounds wholly in tort, and the liability incurred by the appellant under the facts alleged in the complaint and proved on the trial is not such from which it may legally exempt or relieve itself by contract.

In *Indianapolis, etc., R. Co.* v. *Forsythe, supra,* which was an action for the recovery of goods destroyed by fire while in transit, Judge Reinhard, speaking for the court, said: "If, then, the liability is one from which the carrier might relieve himself by contract, and such a contract was in fact entered into, there can be no doubt under the Indiana authorities that the action must be upon the contract, and not upon the common-law liability. The contract is, of course, not conclusive as to the right of recovery. After it is introduced in evidence, it then remains to be seen, from the facts showing the loss, whether such loss was or was not occasioned by some cause within the exception, but the burden of showing negligence in such case is upon the plaintiff." Citing authorities.

It is true the evidence shows, and the jury specially found by their answers to interrogatories, that the ticket which appellee purchased at Spokane was a second-class, limited ticket which entitled him to be carried from the latter place to Nicholasville, Kentucky. The respective coupons of this ticket were all taken up by the railroad companies operating the lines over which appellee traveled, and at the time this action was instituted the ticket was not in his possession. Neither it, nor any part thereof, was introduced in evidence on the trial, and as to what

were the special stipulations, limitations ·or conditions therein contained, if any, is not disclosed by the evidence. In fact there is nothing shown by the evidence which would authorize the assertion that appellee was required to predicate his cause of action upon the ticket in question, instead of basing it on the breach of duty imposed by law on appellant. Both the facts alleged in the complaint and those established by the evidence disclosed that at the time of the collision in question the relation of carrier and passenger for hire existed between appellee and appellant company.

The purchase of the ticket in ·controversy and appellant's accepting appellee thereon as a passenger on its train certainly invested him with all of the rights of a passenger for hire. The negligence of the railroad company, as shown, from which the injury resulted, was a breach of duty which it owed to him under the law as a passenger. Ordinarily a railroad ticket for passage is but a mere token, receipt or voucher as evidence that the passenger has paid the required fare. Where, however, in addition to its usual form the ticket contains some reasonable stipulation, limitation or condition which has been assented to by the purchaser, then to this extent it may be said to constitute a contract. *Indianapolis St. R. Co.* v. *Wilson* (1903), 161 Ind. 153, 100 Am. St. 261, and authorities cited.

Where the ticket contains provisions which, in an action by a passenger, can avail the carrier as a legitimate defense founded on a breach of duty on the part of the carrier, it is its privilege or right to set up or interpose such defense to the action. We may assume that had the ticket in controversy contained any provision or stipulation which innured to the benefit of appellant company, the latter would have taken the necessary steps properly to avail itself of the benefit thereof.

While it is true, as previously stated, the evidence does not show that appellee paid directly to appellant $10 as a consideration for his carriage over its road, still it does appear that he purchased a through coupon ticket, and that one of said coupons (the one which was taken up by appellant company) entitled him to be carried over its railroad as a passenger for hire from Chicago, Illinois, to Cincinnati, Ohio.

The exact part of the purchase price which appellant was entitled to receive from the selling company does not clearly appear. However, it is shown that it was entitled to receive its proportionate part of the purchase price of the ticket, and that whatever that amount might be was a mere matter of calculation under the arrangement which it had with the railroad company selling the ticket to appellee. Whether this amount was $10 as alleged in the complaint, or less, is not material to appellee's recovery.

Appellant's contention that he must recover *secundum allegata et probata* is a well-recognized principle, which requires that the recovery, if at all, must be on the cause of action alleged in the complaint. But, under this rule, a plaintiff is only required to prove the substance of the material facts constituting his cause of action. *Terre Haute, etc., R. Co.* v. *Sheeks* (1900), 155 Ind. 74, 93.

It is evident that the trial court committed no error in sustaining appellee's demurrer to the second and third paragraphs of answer, for the reason that each of these paragraphs set up as a defense the alleged fact that, under a contract or agreement entered into between appellee and the Northern Pacific Railway Company, appellant was thereby exempted or relieved from liability for the negligence to which appellee in his complaint attributed his injuries. The doctrine is settled beyond dispute that where a railroad company is under a duty to

carry a passenger, as in the case at bar, and it undertakes for hire or reward to perform that duty, it can not by contract legally exempt or relieve itself of liability arising out of the negligence of itself or servants. *Ohio, etc., R. Co.* v. *Selby* (1874), 47 Ind. 471, 17 Am. Rep. 719; *Louisville, etc., R. Co.* v. *Taylor* (1890), 126 Ind. 126; *Rosenfeld* v. *Peoria, etc., R. Co.* (1885), 103 Ind. 121, 53 Am. Rep. 500; *Indiana, etc., R. Co.* v. *Mundy* (1863), 21 Ind. 48, 83 Am. Dec. 339; 4 Elliott, Railroads, §1645. Counsel for appellant refers to *Payne* v. *Terre Haute, etc., R. Co.* (1902), 157 Ind. 616, 56 L. R. A. 472, in support of his contention that, under the agreement or contract set up in the answer, appellee assumed the risk of appellant's alleged negligence. The latter case must not, however, be confused with cases like the one at bar. The plaintiff in the Payne case was injured while being carried by defendant railroad company over its road on a pass. The carriage of the plaintiff in that case was wholly gratuitous; hence the decision therein has no application whatever to the case under review.

Appellant complains of certain instructions given and refused. Some of these, however, were applicable to the question of contributory negligence; but, as heretofore said, there being an entire absence of any evidence to establish that issue against appellee, it must follow that, as the verdict of the jury is clearly right under the evidence upon that question or feature of the case, the rulings of the court in giving or refusing instructions relative to contributory negligence, even if erroneous, would be harmless.

By charge number three the court, among other things, advised the jury to the effect that if plaintiff proved a collision of the train upon which he was riding with another train owned and operated by the defendant upon its railroad, then the presumption arose that the injury was the result of some act or omission of the defendant and that this presumption must be overcome by

clear and explicit proof, and that the burden of overcoming the presumption was on the defendant. This instruction is criticised for several reasons: (1) It asserted that the occurrence of the accident was negligence *per se,* but the charge, however, is not open to this criticism; (2) it ignored the consideration of plaintiff's right on the train; (3) it ignored the question of contributory negligence; (4) it invaded the province of the jury by advising them that the presumption must be overcome by clear and explicit proof; (5) it ignored the question of proximate cause. While the charge in question is not strictly accurate in some respects, especially in stating to the jury that the presumption or *prima facie* case made by plaintiff must be overcome by the defendant by clear and explicit proof, nevertheless, in regard to the other objection, that it ignores certain points involved in the case, it may be said that a court in charging a jury is not required to cover all the questions or phases of a cause in any one instruction, where, as in this case, the jury has been advised in regard to such points or questions in other parts of the court's charge. *Atkinson* v. *Dailey* (1886), 107 Ind. 117.

It is true that, if it appears from the evidence that the train upon which appellee was being carried as a passenger over appellant's road collided with another train operated by it on its railroad, then, under the circumstances, a *prima facie* case of negligence by the aid of a legal presumption would be presented against appellant from the mere fact of the collision, and the burden would be upon it in order to rebut or overcome this presumption or *prima facie* case of negligence to prove that the accident in controversy could not have been avoided by the exercise of the highest practical care and diligence on its part. *Louisville, etc., R. Co.* v. *Taylor, supra; Terre Haute, etc., R. Co.* v. *Sheeks, supra; Indianapolis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360.

But, nevertheless, the burden was upon appellee throughout the trial to maintain the affirmative of the issue of appellant's negligence. *Terre Haute, etc., R. Co.* v. *Sheeks, supra.* While it is true that this court, in *Louisville, etc., R. Co.* v. *Miller* (1895), 141 Ind. 533, by McCabe, J., asserted that the presumption arising in favor of the plaintiff in a case like the one at bar "must be overcome by clear and explicit proof on the part of the carrier," still, all which can properly be said to be necessary is that the proof made by the carrier should be such as will operate to rebut the *prima facie* or presumptive case presented in favor of the plaintiff on account of the accident, by showing that it could not have been avoided by the exercise of the highest practical care and diligence on the part of the carrier. *Indianapolis St. R. Co.* v. *Schmidt, supra.*

While it may be conceded that the instruction in controversy is not strictly accurate, nevertheless, as it clearly appears from the evidence that it did not in any manner operate to mislead the jury to the prejudice of appellant, the error in giving it was harmless. *Springer* v. *Bricker* (1905), *ante,* 532.

Under the evidence we fail to recognize how the jury would have been justified in returning a verdict adverse to appellee. We have considered all of the questions presented by appellant, but discover no reversible error; in fact, we are fully satisfied that the merits of this case have been fairly tried and determined in the trial court.

The judgment is therefore affirmed.