UNITED STATES of America

v.

Ernest William STAHLS.

No. TH 60–CR–7.

United States District Court
S. D. Indiana,
Terre Haute Division.

June 23, 1961.

Don A. Tabbert, U. S. Atty., Indianapolis, Ind., for the government.

Robert M. Messick, Indianapolis, Ind., for defendant.

STECKLER, Chief Judge.

On June 20, 1960, a jury found defendant guilty of assault with a dangerous weapon, with intent to do bodily harm to one Charles Lee Ison, a fellow inmate at the Terre Haute, Indiana, federal penitentiary, in violation of Title 18 U.S.C. § 113(c). He was sentenced to a term of five years to run consecutively to the sentence he was then serving.

Defendant filed a motion for a new trial on September 9, 1960, on the ground of newly discovered evidence which consisted of two named eyewitnesses who would testify that the victim, Ison, started the incident with an unprovoked attack upon defendant with a table fork. Defendant alleged that these witnesses were transferred out of this court's jurisdiction to prevent them from telling the true story. The court reserved ruling on this motion to give defendant time to procure and file the affidavits of the named eyewitnesses. The Government was likewise granted leave to file such affidavits as it saw fit.

Defendant has now filed the affidavits of four prospective witnesses, who state that they saw the incident in question, and "saw Ison attempt to stab Stahls in the eye with a fork, with which he was eating before Stahls made any attempt to cut Ison." Each also states that "I was transferred from Terre Haute, Indiana before I was allowed to appear in court, to describe what I saw." The Government has filed affidavits of three F.B.I. agents and two prison officials. These generally state that they acted in good faith, did not suppress evidence, and did not transfer the defendant's affiants to prevent them from testifying in the case. It is stated that two of defendant's affiants were in fact still at Terre Haute at the time of trial. In view of the court's finding as to the quality of the proffered evidence, it will not be necessary further to discuss defendant's charge that his affiants were transferred to prevent them from testifying at the trial.

The rule to be followed by trial courts in considering a motion for a new trial based on newly discovered evidence is well established. In United States v. Johnson, 7 Cir., 1944, 142 F.2d 588, 592, the court approved the following statement of the rule where, as here, there is no showing of recantation or false swearing:

"[I]t is incumbent on a party who asks for a new trial, on the ground of newly discovered evidence, to satisfy the Court, 1st. That the evidence has come to his knowledge since the trial. 2d. That it was not owing to the want of

due diligence that it did not come sooner. 3d. That it is so material that it would probably produce a different verdict, if the new trial were granted. 4th. That it is not cumulative only—viz.:—speaking to facts, in relation to which there was evidence on the trial. 5th. That the affidavit of the witness himself should be produced, or its absence accounted for. And 6th, a new trial will not be granted, if the only object of the testimony is to impeach the character or credit of a witness."

Although defendant may have satisfied some of these requirements, he has clearly failed to show that the newly discovered evidence is so material that it would probably produce a different verdict. The evidence at the trial was that defendant approached Ison as the latter was eating his breakfast in the dining room of the United States Penitentiary, Terre Haute, Indiana. After exchanging some words with Ison, defendant suddenly pulled a knife from his pocket and stabbed Ison numerous times about the face and neck. He continued to stab Ison as the latter fell to the floor, and stabbed him on the floor until seized from behind and pulled from Ison by a correctional officer. Defendant testified that Ison had started the affray by stabbing him in the eye with a table fork, and relied upon a theory of self-defense. The evidence further showed, and the Government now states by affidavit, that defendant had a small cut or scratch about an inch under his right eye which was not bleeding immediately after the incident. There was no damage to the eye, and defendant refused to permit a medical officer to examine the cut.

■ The newly discovered evidence now offered by defendant merely corroborates his testimony that Ison started the incident by stabbing, or stabbing at, him with a fork. Since this testimony would come from presumably disinterested witnesses, it might be more persuasive to a jury than defendant's own testimony. However, even if this testimony were fully credited by a jury, or at least to the extent as to raise a reasonable doubt as to whether the defendant was justified to act in self-defense, nevertheless, in the opinion of the court, the newly proffered evidence is not such as would probably produce a different verdict in view of the uncontradicted evidence of excessive force on the part of the defendant.

■ In defending one's self against an unlawful attack, a man is only justified in using such an amount of force as may appear to him at the time necessary to accomplish that purpose. If he uses a kind of force in excess, or out of proportion to what may be necessary to his own defense, as it honestly appeared to him at that time, he himself is guilty of an assault. The jury was so instructed at the trial of this case,[1] and would be so instructed again.

Even though the jury might believe Ison was the original aggressor, and that defendant would have been justified in repelling reasonably the unlawful attack, they would probably reach

[1]. Instruction No. 11 read, in part:

"In defending himself against the unlawful attack of another, a man is justified in resorting to such violence and the use of such force as the particular circumstances of the case may require for his protection. Now the degree of force to be employed in protecting one's person must be in proportion to the attack made, and must depend upon the circumstances in each particular case and the imminence of danger as it appears to him at that time. The only purpose which justifies the employment of force against the assault is to defend one's self; that is the object to be attained, and a man is only justified in using such an amount of force as may appear to him at the time necessary to accomplish that purpose. As soon as that object is attained, it is his duty to desist. If he uses a kind of force towards his assailant in excess, or out of proportion to what may be necessary to his own defense, as it honestly appeared to him at that time, he himself is guilty of an assault."

the same verdict since the evidence is overwhelming that excessive force was used to repel a "stab" with a table fork, which, at the most, caused a small cut or scratch. Defendant used a sharp knife, and repeatedly stabbed Ison as he sat in the chair, fell to the floor, and as he lay helpless on the floor. The stabbing stopped only when defendant was seized from behind and pulled off his victim. Ison was horribly disfigured about his face from the knife wounds inflicted by the defendant.

Defendant's motion for a new trial is overruled.