ALEX BIRTSAS *v.* STATE OF INDIANA.

[No. 2-1272A126. Filed June 28, 1973.]

*Frank E. Spencer*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Darrell K. Diamond*, Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Defendant-appellant Alex Birtsas (Birtsas) appeals from a conviction of Assault and Battery upon a police officer claiming insufficiency of the evidence and self-defense.

We affirm.

## FACTS

The facts and evidence most favorable to the State are:

At about 6:35 P.M. on January 24, 1972, Officer Danny J. Richards (Officer Richards) of the Indianapolis Police Department stopped to issue a parking citation for a car parked in a no parking zone in front of a laundromat owned by Birtsas at 57 West 34th Street in Indianapolis. While he was writing the ticket the owner of the car, Lyndall Tipton (Tipton), emerged from the laundromat and engaged Officer Richards in conversaton about the ticket.

Birtsas then arrived on the scene and advised Tipton not to pay the ticket because the Police Department had told Birtsas that his customers could load and unload in this no parking zone. Officer Richards instructed Birtsas to leave and that he could talk to Tipton after the parking citation was issued, which Birtsas refused to do. Birtsas was then warned to leave or be arrested. Birtsas persisted and Officer Richards arrested him for Interfering With A Police Officer and Disorderly Conduct.

Officer Richards was required to use physical force to get him into the patrol car.

At the police station Birtsas refused to alight from the patrol car, causing Officer Richards to pull him out of the car onto the floor of the security area. Straddling Birtsas, Officer Richards picked him up and told him to put his hands against the wall so that he could be frisked. Birtsas refused. So Officer Richards grabbed his hands and attempted to place them against the wall and in doing so Birtsas grabbed his hand and bit it, drawing blood. Officer Richard's response was to strike Birtsas in the side.

The evidence conflicts as to when Officer Richards first struck Birtsas, the number of times he struck him, and what happened when Officer Richards pulled Birtsas out of the car at police headquarters. Birtsas says that Officer Richards kicked him when he fell to the floor after being pulled from the patrol car and again struck him in the back as he was being pushed against the wall before he bit Officer Richards's wrist. Birtsas's view of the facts, however, is directly contrary to the testimony of Officer Richards and the evidence most favorable to the State. Officer Richards testified as to these events:

"Q. At any time, did you strike the defendant?

A. Yes sir, I did. When the subject put my hand in his mouth, I pushed on his head and struck him a short blow in the short ribs on the left side.

Q. At any time prior to the defendant putting your hand in his mouth and biting it, did you strike him in any way?

A. Other than physically taking him out of the car, I did not actually strike him.

\* \* \*

Q. Now, isn't it true that after you pulled him out of that car, and you had thrown him to the floor, you put your foot on him—now I'm not saying you put your foot on him but you placed it over his body. Is this correct?

A. I stepped completely over him.

Q. Over him?

A. Yeh, I straddled him."

On January 25, 1972, Birtsas was additionally charged by Affidavit with Assault and Battery and trial was held on June 20, 1972. The charge of disorderly Conduct was dismissed at the close of the State's evidence and a judgment of Not Guilty was entered on the charge of Interfering With An Officer and Birtsas was found Guilty of Assault and Battery and fined $1.00 and costs, which was suspended. The Marion Criminal Court, Division II, on appeal, reviewed the evidence and affirmed the conviction on September 8, 1972. This appeal followed.

## ISSUE

Was the evidence sufficient to support a conviction of Assault and Battery?

Birtsas contends the evidence unquestionably shows that Officer Richards assaulted him without just cause and with unreasonable force. Furthermore, that he resisted arrest only to the extent necessary to protect himself, i.e., he acted in self-defense in biting his captor.

The State replies that a police officer may use reasonable force in making arrests and viewing the evidence most favorable to the State the evidence shows that Officer Richards used only that amount of force necessary to place Birtsas under arrest and to offset his resistance. Since Birtsas's claim of self-defense is based upon conflicting testimony, his conviction must be affirmed.

## DECISION

CONCLUSION—It is our opinion that the evidence was sufficient to sustain Birtsas's conviction for Assault and Battery and that his claim of self-defense must fail.

IC 1971 35-1-54-4, Ind. Ann. Stat. § 10-403 (Burns 1972 Supp.), defines "assault and battery":

"IC 35-1-54-4.
10-403. ASSAULT AND BATTERY.—Whoever in a rude, insolent or angry manner, unlawfully touches another,

is guilty of an assault and battery, and on conviction, shall be fined not more than one thousand dollars [$1,000], to which may be added imprisonment in the county jail not exceeding six [6] months; * * *.''

However, one is entitled to defend himself under circumcumstances where it reasonably appears that he is in danger of bodily harm. *Johnson* v. *State* (1971), 256 Ind. 579, 271 N.E.2d 123. But, one defending himself under such circumstances is only justified in using such force as may appear to him at the time necessary to resist the unlawful attack. Use of force disproportionate to the necessity arising at the time of the attack will render the person defending himself guilty of assault. *United States* v. *Stahls* (D.C. Ind. 1961), 194 F. Supp. 849.

An arresting officer has always had the right to use such reasonable force as necessary to make an arrest and to take his prisoner to jail. *Durham* v. *State* (1927), 199 Ind. 567, 159 N.E. 145. The right of an arresting officer to use reasonable force in making an arrest has been codified in IC 1971, 35-1-19-3, Ind. Ann. Stat. § 9-1007 (Burns 1956), which provides:

"9-1007. ARREST—MEANS.—If, after notice of the intention to arrest the defendant, he either flee or forcibly resist, the officer may use all necessary means to effect the arrest.'

An arresting officer, however, may not use unreasonable force in effectuating an arrest.

A companion statute, IC 1971, 35-1-19-1, Ind. Ann. Stat. § 9-1005, cautions the officer in making an arrest not to subject the defendant "to any more restraint than is necessary for his arrest and detention."

In *Heichelbech* v. *State* (1972), 258 Ind. 334, at 337, 281 N.E.2d 102, at 104, our Supreme Court had this to say about a defendant's right to resist an arrest when the officer is exerting unreasonable force or has no right to make the arrest:

"The defendant was entitled to resist the arrest, *only if the officer had no right to arrest.* Am.Jur.2d, *Criminal Law* § 94; and recent cases have held that even then he may, nevertheless, not be entitled to use force. *State* v. *Koonce,* 89 N.J.Super. 169, 214 A.2d 428. *Clearly, if the arrest was lawful, the accused should not have resisted, regardless of his assessment of the arresting officer's personal feelings and motives.*" (Original emphasis.)

There are obvious conflicts in the evidence in the case before us. The testimony of Birtsas tends to show the use of unreasonable force by Officer Richards giving rise to the necessity of self-defense. The testimony of Officer Richards indicates precisely the opposite—a lawful arrest and the use of reasonable force in making the arrest and in transferring Birtsas to the lockup.

Despite these conflicts, this court may not make an independent determination of the weight of the evidence or the credibility of the witnesses. We may consider only that evidence and reasonable inferences therefrom most favorable to the State in determining whether there was sufficient evidence to sustain the conviction. *Moore* v. *State* (1973), 260 Ind. 154, 293 N.E.2d 28; *Rhodes* v. *State* (1972), 154 Ind. App. 594, 290 N.E.2d 504.

Considering the evidence most favorable to the State, in the melee that occurred at the police station Birtsas had no cause to grab Officer Richard's hand and bite it. As an officer of the law, he had the right to use reasonable force necessary to arrest Birtsas and take him to jail. § 9-1007, *supra; Durham* v. *State, supra; Heichelbech* v. *State, supra.* Excessive force was not used.

Birtsas was not justified in biting the hand that had arrested him.

The conviction is therefore affirmed.

Sullivan, J. and White, J., concur.

NOTE.—Reported at 297 N.E.2d 864.