JOHNNY MITCHELL *v.* RANDALL DRAKE AND CITY OF MICHIGAN CITY, INDIANA.

[No. 3-374A47. Filed March 2, 1977.]

*Hilbert L. Bradley,* of Gary, for appellant.

*Walter P. Chapala,* of Michigan City, for appellee Drake. *Donald E. Transki,* of Michigan City, for appellee City.

HOFFMAN, J.—Plaintiff-appellant Johnny Mitchell appeals from the entry of judgment on a jury verdict in favor of defendants-appellees Randall Drake and the City of Michigan City, Indiana, in an action to recover damages for false imprisonment. In perfecting this appeal appellant seeks to draw into question, through several allegations of error, whether an arrest under the disorderly conduct statute purportedly held unconstitutional, engenders mistake or illegal process sufficient as a matter of law to require liability for false imprisonment. Appellant ascribes as specific errors: 1) the ruling of the trial court on his motion for partial summary judgment as to the issue of liability; 2) its ruling on the exclusion of the record on the previous criminal prosecution against him; and, 3) its giving of an instruction encompassing the disorderly conduct statute. IC 1971, 35-27-2-1 (Burns Code Ed.). Mitchell also argues that the evidence adduced at trial fails to support the verdict. Such verdict is therefore urged as contrary to law.

The record discloses that Officer Drake, while supporting another unit, responded to a complaint concerning a loud and boisterous teenage street gathering. As he drove next to the curb where several of the youths were dispersing, Johnny Mitchell and a friend began yelling. Officer Drake exited his

car to stop Mitchell for an identification of his age. Upon contending with Mitchell's obscenities and general uncooperativeness Officer Drake placed him under arrest for disorderly conduct. The prosecution of Mitchell was dismissed in the trial court upon a finding that IC 1971, 35-27-2-1, *supra,* was unconstitutional.[1]

Mitchell subsequently brought this action for false imprisonment against Officer Drake and the City. At the close of the pleadings the trial court denied plaintiff's motion for partial summary judgment on the issue of liability. Thereafter the trial court refused to admit into evidence a complete record of the criminal prosecution against Mitchell.

Appellant claims these two rulings as error on the theory that the unconstitutionality of the disorderly conduct statute was a bar which would preclude a defense by Officer Drake and the City on Mitchell's tort claim.

He further argues that as a matter of law, Officer Drake acted without legal authority, incurring a liability for himself and the City because the prior dismissal of charges against Mitchell for disorderly conduct rested upon a finding that IC 1971, 35-27-2-1, *supra,* was unconstitutional.

Appellant attempts to draw support for this assertion from *Coleman* v. *Mitnick, etc.* (1964), 137 Ind. App. 125, 202 N.E. 2d 577 (transfer denied). *Coleman* is said to embody the principle that an action for false imprisonment being engendered by illegal process follows automatically from an arrest based upon an unconstitutional statute. *See, Sumner et al.* v. *Beeler* (1875), 50 Ind. 341.

---

1. "Disorderly conduct—Penalty.—Whoever shall act in a loud, boisterous or disorderly manner so as to disturb the peace and quiet of any neighborhood or family, by loud or unusual noise, or by tumultuous or offensive behavior, threatening, traducing, quarreling, challenging to fight or fighting, shall be deemed guilty of disorderly conduct, and upon conviction, shall be fined in any sum not exceeding five hundred dollars [$500] to which may be added imprisonment for not to exceed one hundred eighty [180] days."

Three weeks after the trial court's ruling, our Supreme Court held the statute constitutional against claims of vagueness and overbreadth in *Hess* v. *State* (1973), 260 Ind. 427, 297 N.E.2d 413.

However, the unconstitutionality of a statute is not determinative in an action for false imprisonment where, as here, the facts disclose that the arrest and incarceration ▮ occurred prior to the asserted determination of invalidity. While in theory an unconstitutional law is void *ab initio* and considered as though it had never been passed, properly enacted statutes are presumed valid until a court of competent jurisdiction has held otherwise. *Ballard* v. *Board of Trustees of Police Pension Fund* (1975), 263 Ind. 79, 324 N.E.2d 813; *Ulrich, etc.* v. *Beatty, etc. et al.* (1966), 139 Ind. App. 174, 216 N.E.2d 737. Accordingly a police officer whose actions are not questioned on other grounds acts under proper color of authority in making an arrest pursuant to a statute valid at the time of his acting.

In *Martin* v. *Ben Davis Conservancy Dist.* (1958), 238 Ind. 502, 153 N.E.2d 125, our Supreme Court considered as legitimate the status of those who had acted under color of authority embodied in an unconstitutional Act. At 510 of 238 Ind., at 129 of 153 N.E.2d, the court stated:

"The theory that a law held unconstitutional is no law at all and void *ab initio* for all purposes, including retroactive invalidity, runs counter to the hard facts of life. The actual existence of a statute prior to a determination of invalidity is an operative fact. Because of such *de facto* existence and reliance upon its validity, it has practical consequences which cannot be justly ignored. The past cannot always be erased by a simple judicial decree."

This court followed the foregoing rationale in *Saloom* v. *Holder* (1973), Ind. App., 304 N.E.2d 217 (transfer denied), to absolve a police officer from liability for the arrest of one pursuant to a purportedly unconstitutional municipal ordinance. In *Saloom* the court, at 221 of 304 N.E.2d, stated:

"While it is not unreasonable to presume that a police officer knows the law in effect at any given time in his jurisdiction, it is folly to presume he can prognosticate unconstitutionality. Courts and commentaries join in proclaiming the absurdity of requiring a law enforcement official to act at his peril in enforcing a statute or ordinance which is subsequently declared unconstitutional."

It is clear that since this court presumes the constitutionality of legislative Acts, it will not therefore hold police officers in limbo concerning the enforcement of criminal statutes pending constitutional blessing. Rather they are protected against liability for an arrest pursuant to a statute which is subsequently declared void. *Saloom* v. *Holder, supra; Stine* v. *Shuttle, et al.* (1962), 134 Ind. App. 67, 186 N.E.2d 168. *See also, Zweibon* v. *Mitchell* (1975), 516 F.2d 594. Accordingly it was appropriate for the trial court to deny Mitchell's motion for partial summary judgment on the issue of liability and thereby avoid consideration of the constitutional question.

For similar reasons appellant's contention that the trial court should have admitted the complete record of the prosecution for disorderly conduct must also fail. In arguing for the inclusion of the record Mitchell's apparent purpose was to bring before the jury his motion to quash and his attendant argument on the statute's unconstitutionality. Appellant relies on general authority recommending inclusion of a prior record of acquittal in cases where it is relevant.

However, while the record of a prior acquittal is required in an action for malicious prosecution, it is not required where the action has been narrowed to one for false imprisonment based upon an unconstitutional statute. *See, Colter* v. *Lower and Others* (1871), 35 Ind. 285; *John's Cash Furn. Stores, Inc., et al.* v. *Mitchell* (1955), 126 Ind. App. 231, 125 N.E.2d 827 (transfer denied).

Moreover the circumstances herein disclose that certain portions of the record were immaterial to a determination of tortious conduct and therefore had no probative value with respect to the issue of mistake or illegal process. *See generally, Blasche et al.* v. *Himelick, et al. Admrs.* (1965), 140 Ind. App. 255, 210 N.E.2d 378 (transfer denied). Accordingly the trial court within its discretion correctly excluded such evidence since its value could have been considered substantially outweighed by the risk that its admission would create a danger

of confusing the issues or misleading the jury. *Pierce* v. *Banta* (1892), 9 Ind. App. 376, 31 N.E. 812. *See,* Rules of Evidence for United States Courts and Magistrates, Rule 403, at 205. 1 Jones on Evidence (6th Ed. 1972), § 4:6, at 393.

Appellant next urges that the trial court committed reversible error by instructing the jury that there was at the time of the arrest a statute proscribing disorderly conduct. The instruction is said to have erroneously rendered verbatim IC 1971, 35-27-2-1, *supra,* as being dispositive even though it is alleged to have been held unconstitutional by the Michigan City Court during Mitchell's criminal prosecution.

This assignment of error incorrectly relies on the assumption that IC 1971, 35-27-2-1, *supra,* was unconstitutional at the time of the arrest and that Officer Drake acted with no authority or color of authority. However, Officer Drake did act pursuant to a statute valid at the time of the arrest and the instruction of the trial court properly so informed the jury. *See, Pierson* v. *Ray* (1967), 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288. Thus, the reading of IC 1971, 35-27-2-1, *supra,* in an instruction was directly relevant to the issue before the jury and was not erroneous. *Vogel* v. *Ridens* (1942), 112 Ind. App. 493, 44 N.E.2d 238. *See also,* 88 C.J.S., *Trial,* § 337, at 881.

Appellant's remaining argument asserts that the evidence was insufficient to support the verdict and therefore contrary to law in that it failed to show conduct by Mitchell which would justify his arrest. Appellant relies on *Hess* v. *Indiana* (1973), 414 U.S. 105, 94 S.Ct. 326, 38 L.Ed.2d 303, for the proposition that his words and deeds were constitutionally protected and not cause for arrest.

However the test of probable cause in a criminal proceeding involves a consideration which is not appropriate to a test to be applied in an action for damages. Thus while Officer Drake and the City properly presented evidence to overcome Mitchell's prima facie case of false imprisonment, they were not required to prove probable

cause to make an arrest in the constitutional framework of a criminal proceeding. *Brubaker* v. *King* (7th Cir., 1974), 505 F.2d 534. In *Brubaker* the Seventh Circuit Court of Appeals considered the standard to be applied in false imprisonment actions against government agents under the Fourth Amendment. At 537 of 505 F.2d, the court stated, while citing *Tritsis* v. *Backer* (7th Cir., 1974), 501 F.2d 1021, that:

> " '[T]o prevail the police officer need not allege and prove probable cause in the constitutional sense. The standard governing police conduct is composed of two elements, the first is subjective and the second is objective. Thus the officer must allege and prove not only that he believed, in good faith, that his conduct was lawful, but also that his belief was reasonable.' Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 2 Cir., 456 F.2d 1339, 1348 (1972).

> As Circuit Judge Lumbard emphasized in his concurrence in *Bivens,* the reasonable man standard to be applied in tort actions against governmental agents is less stringent than the definition of probable cause applied in criminal proceedings. Judge Lumbard wrote:

> > 'This second and lesser standard is appropriate because, in many cases, federal officers cannot be expected to predict what federal judges frequently have considerable difficulty in deciding and about which they frequently differ themselves. It would be contrary to the public interest if federal officers were held to a probable cause standard as in many cases they would fail to act for fear of guessing wrong.' *Bivens, supra,* 456 F.2d at 1349 (Lumbard, J., concurring). We conclude, therefore, that it is a defense to an action for damages under § 1983 or the Fourth Amendment for a law enforcement officer to prove that he acted in good faith with a reasonable belief in the constitutionality of his conduct."

Furthermore the record reveals that in the case at bar a potentially dangerous situation existed. A large group of teenagers had gathered late at night in the Edwards Street neighborhood. Local residents, complaining of the noise, prompted police to patrol the area. After a report that there was a station wagon containing occupants with a rifle nearby,

the officers attempted to disperse the crowd and quell the disturbance.

However Mitchell screamed that they were interfering. Moreover he accosted the officers with obscenities and caused the crowd to regroup. In addition several of the youths began throwing rocks. Thus when Officer Drake tried to ascertain Mitchell's problem and met only a further harangue, he placed him under arrest.

It is clear that there was ample evidence to support a finding by the jury that Officer Drake acted in a reasonable manner and was therefore not liable in damages for the arrest of Mitchell.

For the foregoing reasons the judgment of the trial court must be affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 360 N.E.2d 195.