**CITY OF SOUTH BEND, Indiana et al.,
Defendants-Appellants,**

v.

**Ted FLEMING and Jeanette Fleming,
Plaintiffs-Appellees.**

No. 3–1278A334.

Court of Appeals of Indiana,
Third District.

Dec. 20, 1979.

Thomas J. Brunner, Jr., John C. Hamilton, George E. Herendeen, James H. Pankow, South Bend, for defendants-appellants.

Robert L. Stephan, South Bend, for plaintiffs-appellees.

HOFFMAN, Judge.

Ted Fleming suffered a tear in the left biceps tendon when he was arrested for disorderly conduct and public intoxication by five South Bend police officers. His injury occurred as the result of his attempt to avoid being handcuffed during the course of the arrest.

In the resulting suit against the City of South Bend and the five individual officers (hereinafter collectively referred to as the City), a jury awarded Ted Fleming $15,000 for personal injuries and also awarded Jeanette Fleming, his wife, $5,000 for loss of services of her husband.

The City argues on appeal that the trial court erred when it overruled the City's motion for judgment on the evidence[1] and submitted the case to the jury on each of the four theories relied upon by Fleming:

(1) false arrest;

(2) excessive force in making the arrest;

(3) assault and battery; and

(4) negligence.

For the reasons which follow it is unnecessary to address the other issues raised by the City.

The evidence of Ted Fleming's conduct during the time just preceding his arrest was without conflict. When the police officers first arrived at the Fleming residence, they found no one outside, so they approached the house and knocked at the front door. Upon speaking to Fleming, they inquired about the disturbance which had occurred when Jeanette Fleming had fallen from the second floor of the house. Fleming, however, refused to answer any questions. Instead, he came out onto the porch and in a loud voice ordered the police to leave his property. When they did not, but instead persisted in their inquiries, he began shouting obscenities at them. The police then tried to persuade Fleming to "settle down" and to speak in a tone of voice not audible to neighbors who were in the vicinity. Their efforts proved futile and the arrest followed.

Proof of the absence of probable cause was essential to Fleming's action for false arrest. *See: Mitchell v. Drake* (1977), Ind.App., 360 N.E.2d 195, at 198–199; *Banish v. Locks* (CA 7, 1969), 414 F.2d 638, at 640–642. Yet the uncontradicted evidence detailed above plainly established that the police had probable cause to arrest Fleming for violating the disorderly conduct statute:

1. Ind. Rules of Procedure, Trial Rule 50(A).

"Whoever shall act in a loud, boisterous or disorderly manner so as to disturb the peace and quiet of any neighborhood or family, by loud or unusual noise, or by tumultuous or offensive behavior, threatening, traducing, quarreling, challenging to fight or fighting, shall be deemed guilty of disorderly conduct, and upon conviction, shall be fined in any sum not exceeding five hundred dollars [$500] to which may be added imprisonment for not to exceed one hundred eighty [180] days." IC 1971, 35–27–2–1 (Burns Code Ed., 1975). *See: Whited v. State* (1971), 256 Ind. 386, 269 N.E.2d 149; *Stults v. State* (1975), 166 Ind.App. 461, 336 N.E.2d 669.

Consequently, the issue of false arrest should not have gone to the jury, for any verdict in favor of the Flemings on that theory would be clearly erroneous as contrary to the evidence. TR. 50(A). Therefore, the trial court erred when it refused to grant appellants' motion as to that claim.

■ For a like reason the court erred when it submitted the case to the jury on the theory of negligence. Nowhere in the record is there any evidence that the acts of the police officers in placing Fleming in physical custody were anything but intentional. Rather, the evidence established beyond question that the officers engaged in a cooperative effort to physically subdue Fleming when he resisted their attempt to arrest him.

■ A police officer in the lawful discharge of his duties is privileged to use only that force which is reasonable and necessary to effect an arrest. *Plummer v. State* (1893), 135 Ind. 308, 34 N.E. 968; *Bonahoon v. State* (1931), 203 Ind. 51, 178 N.E. 570; *Birtsas v. State* (1973), 156 Ind.App. 587, 297 N.E.2d 864; IC 1971, 35–1–19–1 (Burns 1979 Repl.). If he uses unnecessary force his conduct is no longer privileged and he is answerable for an assault and battery. *Plummer v. State, supra* ; *Gross v. State* (1917), 186 Ind. 581, 117 N.E. 562. In this context, any reference to the doctrine of negligence is superfluous, for the use of the term "negligence" tends to characterize the state of mind of the actor. *Cf.: Cohen et al. d/b/a Hoosier P & L Co. v. Peoples* (1966), 140 Ind.App. 353, 220 N.E.2d 665. The issue is whether under the circumstances the force used was excessive. If it was, the assault and battery was not privileged. On the other hand, if the force used was reasonable and was incident to a lawful arrest, it was privileged.

The essence of Fleming's complaint was that the arresting officers unnecessarily and intentionally injured him in the course of the arrest. Consequently, the instructions on negligence could only confuse and mislead the jury by apparently permitting a finding against the officers for mere inadvertence in causing Fleming's injury.

Because the court below submitted the case to the jury on two theories upon which they could not properly find for Fleming, the judgment below must be reversed. As stated in *New York Central Railroad Co. v. Knoll* (1965), 140 Ind.App. 264, at 266, 204 N.E.2d 220, at 222:

"In considering the effect of an erroneous instruction, we must assume that the error influenced the result, unless it appears from the evidence, or by some part of the record, such error did not affect the results, and that the verdict under proper instructions could not have been different. [Citations omitted.]"

The record contains nothing which would lead to a conclusion that the jury's verdict was unaffected by the instructions on false arrest and negligence. Accordingly, the case must be remanded for retrial on one theory: the use of excessive force in making a lawful arrest.

Reversed and remanded.

GARRARD, P. J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent. The majority would have us substitute our judgment for that of the jury when it suggests that the jury be limited to a consideration of only one theory: the use of excessive force in making a lawful ar-

rest. It seemingly bases its opinion upon a misinterpretation of the Flemings' complaint as well as some of the facts surrounding the incident. The essence of the complaint was *not* that the "arresting officers unnecessarily and intentionally injured Fleming in the course of the arrest" but rather, that *he was injured* in the course of the arrest. Fleming advances four theories in making his argument; two of them, the majority opines, should not have gone to the jury.

The majority feels that Fleming's argument that he was injured by the police in the course of their effecting his arrest in a negligent manner is contrary to the evidence. It buttresses its argument by saying "In this context, any reference to the doctrine of negligence is superfluous, for the use of the term 'negligence' tends to characterize the state of mind of the actor." Negligence has nothing to do with the actor's state of mind. W. Prosser, The Law of Torts, 30 (3rd Ed.1964). Rather, it is the actor's breach of a duty owed and the resulting damages which define this tort. *Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701.

This situation is arguably analogous to one in which a doctor, while performing an operation, carries out the surgical procedure in a negligent fashion. The fact that the patient is aware of this potentially offensive touching and has given informed consent is no protection for the surgeon's negligence. Admittedly, the theory of a negligent performance of an arrest procedure is unusual. Nonetheless, I think it is tenable. The fact that the police intended to arrest Fleming would not preclude their doing so in a negligent fashion. Here we have a man, who had been drinking, engaged in a heated dispute with five police officers. Was it reasonable for at least four of them to have been involved in physically subduing him? Were they negligent in effecting this arrest procedure? Like the surgeon, could a privilege protect them if they had performed this arrest in a negligent fashion? Because negligence is a question of fact, I conclude it was rightfully submitted to the jury for consideration. *Meadowlark*

*Farms, Inc. v. Warken* (1978), Ind.App., 376 N.E.2d 122.

The majority's objection to the jury's consideration of the false arrest theory seems to be based on its feeling that Fleming's behavior created the disturbance in the neighborhood. There is evidence in the record which indicates that the "peace and quiet" of the neighborhood could have been disturbed by the gathering of a crowd after the fall of Fleming's wife from the second story porch, the coming of the ambulance to take her to the hospital or the arrival of the squad cars. Whether Fleming alone created the disturbance or whether the crowd was drawn and held by other factors is a question which the jury should be allowed to consider.

When a jury has been instructed on two or more possible theories of recovery, this Court will sustain the judgment on any theory supported by the evidence. *Montgomery Ward & Co., Inc. v. Tackett* (1975), 163 Ind.App. 211, 323 N.E.2d 242. There the Court stated:

"It is the duty of this court to sustain the decision of the trial court on any theory supported by the evidence . . . Tacketts' counterclaim was in two paragraphs. The first claimed compensatory and exemplary damages for alleged wrongful termination of the franchise agreement. The second alleged that Tacketts had been induced to enter into the franchise agreement through various fraudulent misrepresentations by agents of Montgomery Ward, and claimed compensatory damages. The jury returned a general verdict awarding compensatory damages on the counterclaim. In resolving the question of the sufficiency of the evidence to sustain the verdict, we need only determine that the verdict is supported by sufficient evidence upon either of the two paragraphs. . . ." (Citations omitted.).

323 N.E.2d 242, 247. In addition, if the judgment is correct on any theory of law applicable to the evidence, it will be affirmed. *Cressy v. Shannon Continental*

*Corp.* (1978), Ind.App., 378 N.E.2d 941; *Thornton v. Pender* (1978), Ind., 377 N.E.2d 613. There is sufficient evidence in the record to support the jury's finding on at least one of the theories presented at trial. All four theories went to the jury, supported by adequate instructions. I conclude that these theories were valid, and, accordingly, I would have affirmed the trial court's judgment.

The City of South Bend raises a number of instructional errors. It is not error to refuse an instruction if its subject matter is substantially covered by other instructions actually given. *Thornton, supra.* This was the case when the court refused to give two of the City's tendered instructions. The instructions are sufficient if, when taken as a whole, they fairly state the law applicable to the case. *Pittsburgh, C., C. & St. L. Ry. Co. v. Higgs* (1905), 165 Ind. 694, 76 N.E. 299. They should be confined to the issues and the evidence before the court and should correctly state the law pertaining to such issues and facts. *Gregory v. White Truck & Equipment Co., Inc.* (1975), 163 Ind.App. 240, 323 N.E.2d 280, 290, n. 7. When reviewing an instruction on appeal, this Court will look to see if an appellant has demonstrated any harm. *Chrysler Corporation v. Alumbaugh* (1976), Ind.App., 342 N.E.2d 908. I can not find any harm demonstrated by the City; therefore, I would affirm the judgment of the trial court.