**Robert TROBAUGH and City of Kokomo, Appellants (Defendants),**

v.

**Martin HELLMAN, Appellee (Plaintiff).**

**No. 34A02–8908–CV–404.**

Court of Appeals of Indiana, Second District.

March 21, 1990.

BUCHANAN, Judge.

## CASE SUMMARY

Appellants-defendants Robert Trobaugh (Trobaugh), a Kokomo, Indiana police officer, and the City of Kokomo appeal a judgment entered against them in the amount of $2,500 for the false imprisonment of the appellee-plaintiff Martin Hellman (Hellman).

We reverse.

## FACTS

The facts most favorable to the judgment show that on October 25, 1985, at approximately 2:30 p.m., Hellman was seated behind the steering wheel of a parked car on a street in Kokomo. The car's engine was not running and the keys were in Hellman's pocket. Shortly thereafter, Trobaugh observed Hellman throw a beer can over the roof of the car into a nearby yard.

Approaching the car to investigate, Trobaugh noticed empty beer cans in the car as well as one on the front passenger seat next to Hellman. At Trobaugh's request, Hellman got out of the car and produced his driver's license. Trobaugh smelled alcohol on Hellman and noticed that his eyes were droopy, bloodshot, and glassy. Hellman told Trobaugh that he drove an intoxicated friend to that location to see his grandmother and that he was waiting for his friend to return so he could drive him home.

Trobaugh, believing Hellman to be intoxicated, requested that Hellman perform several field dexterity tests. Unsatisfied with Hellman's performance, Trobaugh asked Hellman to accompany him to the police station for a breathalyzer test. When Hellman agreed, he was handcuffed, and driven to the police station where tests showed his blood alcohol level to be .12%.

Hellman was subsequently charged with operating a vehicle while intoxicated [1] and detained for six hours before a cash bond could be posted for his release. The charges against Hellman were dismissed ten days later by the trial court judge.

Hellman subsequently filed a civil complaint alleging that his arrest and restraint by Trobaugh and the City of Kokomo constituted false imprisonment. Following a bench trial Hellman was awarded $2,500 in compensatory damages and $1,500 in attorney's fees. The attorney's fees were later revoked, but the trial court let stand its original award of compensatory damages. Trobaugh now appeals from that judgment.

## ISSUE

■ Although Trobaugh raises several issues for our consideration, we find the following issue, which we restate, to be dispositive:

> Whether the evidence was sufficient to show Trobaugh did not have a good faith belief that probable cause existed to arrest Hellman for operating a vehicle while intoxicated.

*PARTIES' CONTENTIONS:* Trobaugh contends that he had reason to believe Hellman had driven while intoxicated, and, therefore, he had a good faith belief that the arrest was proper. Hellman did not file an appellate brief.

*CONCLUSION:* The evidence was insufficient to show that Trobaugh did not have a good faith belief that probable cause existed for the arrest.

■ In reviewing a verdict in favor of party having the burden of proof, the standard is whether the verdict is clearly erroneous. *State ex rel. Peters v. Bedwell* (1978), 267 Ind. 522, 371 N.E.2d 709. However, inasmuch as Hellman has failed to file a brief in this case, Trobaugh need only make a prima facie showing that the verdict was clearly erroneous. *See Sharp v. Jones* (1986), Ind.App., 497 N.E.2d 593.

In successfully defending a false imprisonment claim, it is not necessary for a

1. Ind.Code 9–11–2–2 (1988).

defendant to show probable cause existed for the arrest. *Mitchell v. Drake* (1977), 172 Ind.App. 376, 360 N.E.2d 195. The test of probable cause in a criminal proceeding involves constitutional considerations not relevant in an action for damages. *Brubaker v. King* (7th Cir.1974), 505 F.2d 534; *Mitchell, supra.* Rather Trobaugh need only show that he had a good faith belief that probable cause existed for the arrest, and that the belief was reasonable. *See Brubaker, supra; Mitchell, supra.*

Trobaugh bases the reasonableness of the arrest on the training he received as a police officer. *Record* at 191, 193. He contends that he had learned that it was possible to arrest an individual for driving under the influence of alcohol without actually seeing the person operate the vehicle. *Record* at 193. In particular, Trobaugh testified that he remembered a Hendricks County case [2] in which a defendant's conviction for driving under the influence was upheld when the defendant, although not seen operating the vehicle in an impaired state, returned to the scene of an accident and admitted having driven the car involved in the mishap.

While Hellman stipulated at trial that his blood alcohol level was .12%, *record* at 204, he claimed at trial that the arrest was unlawful because he was not operating the car. *Record* at 9. This court has, however, on several occasions sustained a conviction for driving under the influence when the defendant was not seen operating the vehicle in an intoxicated state, but the evidence indicated that the driver arrived at the location in an intoxicated state. *See Brunes, supra. Garland v. State* (1983), Ind.App., 452 N.E.2d 1021; *Rose v. State* (1976), 168 Ind.App. 674, 345 N.E.2d 257; *Bowlin v. State* (1975), 164 Ind.App. 693, 330 N.E.2d 353.

The uncontroverted facts show Hellman was sitting behind the steering wheel of a parked car on a city street. *Record* at 157. He admitted driving a friend to that loca-

tion only a few minutes earlier. *Record* at 174–175, 197. He threw a beer can out of his car into someone's yard. *Record* at 177. His eyes were droopy, bloodshot, and glassy. *Record* at 198. He failed a field dexterity test, *record* at 198, and his blood alcohol level was over the legal limit. *Record* at 182, 199.

While we examine the evidence in a light most favorable to the judgment, it is clear that when the evidence is uncontroverted and points to a different conclusion than that reached by the trial court, the verdict may be set aside. *Trinity Lutheran Church, Inc. v. Miller* (1983), Ind.App., 451 N.E.2d 1099, *trans. denied.* In examining the uncontroverted evidence in this case it is apparent that Trobaugh did have a good faith basis for the arrest of Hellman, and, therefore, the judgment in favor of Hellman on the false imprisonment claim must be set aside.

Judgment reversed and remanded for further proceedings not inconsistent with this opinion.

SULLIVAN and STATON, JJ., concur.

---

2. The case to which Trobaugh is probably referring is *Brunes v. State* (1985), Ind.App., 475 N.E.2d 356.