Craig **HENRY**

v.

Bill **PERRY**, Appellant.

No. 88–3226.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Aug. 3, 1988.

Decided Feb. 6, 1989.

As Amended April 13, 1989.

**658**

LeRoy S. Zimmerman, Atty. Gen., Harrisburg, Pa., Gloria A. Tischuk, Deputy Atty. Gen., Donald P. Minahan, Chief Deputy Atty. Gen., Pittsburgh, Pa., Gregory R. Neuhauser, Sr. Deputy Atty. Gen., John G. Knorr, III, Chief Deputy Atty. Gen., Harrisburg, Pa., Litigation Section, for appellant.

Craig Henry, pro se.

Before HIGGINBOTHAM, SLOVITER and MARIS, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

This is an appeal by the defendant from the denial of summary judgment in a suit for damages under 42 U.S.C. § 1983 brought by Craig Henry, a prisoner in the State Correctional Institution at Pittsburgh, against Bill Perry, a corrections officer at that institution. Since the decision involves the question of qualified immunity, it is immediately appealable. *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

In his complaint, the plaintiff alleged that, while being returned to Pittsburgh from a track meet and upon arrival at Pittsburgh and believing the officers in charge of him including the defendant to be unarmed, he proceeded to effect an escape and that thereupon "Mr. Perry commenced to fire 5 or 6 shots at me without ordering me to stop or that he had a weapon and would shoot to kill." One of the shots wounded the plaintiff in the arm. He completed his escape but was subsequently recaptured.

The plaintiff filed his complaint on February 14, 1986. Subsequently, on March 10, 1986, he was convicted in the state court of the crime of escape. In the civil rights case now before us the defendant filed a motion for summary judgment asserting qualified immunity from suit in attempting to prevent the plaintiff's escape by firing at him and wounding him in the arm. The district court denied the motion, believing that there was a material question of fact in the case as to whether Perry had warned Henry before firing to maim or kill that he had a gun and would shoot. We think that in denying the defendant summary judgment the district court erred.

Before the court was a certified copy of the testimony at the plaintiff's trial for escape as well as several affidavits. From these it appeared that the plaintiff did escape from custody and was not apprehended until some hours later. It was also undisputed from the evidence that the

defendant gave the plaintiff a verbal warning and fired warning shots in the effort to halt his escape. The plaintiff's defense at his trial in the state court for escape was that his escape was coerced by the sexual harassment of fellow inmates. There was no evidence before the district court that the defendant failed to warn the plaintiff or otherwise acted improperly.

 The use by prison guards of deadly force may be cruel and unusual punishment within the meaning of the Eighth Amendment but where, as here, the escapee has committed a crime involving the infliction of serious bodily harm, here, murder, deadly force may be used in necessary to prevent escape and if, where feasible, some warning has been given. *Tennessee v. Garner*, 471 U.S. 1, 11, 105 S.Ct. 1694, 1701, 85 L.Ed.2d 1 (1985). The question in determining the existence of qualified immunity is whether a reasonable person could have believed the defendant's action to be lawful in light of clearly established law and the information he possessed. *Anderson v. Creighton*, —— U.S. ——, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987); *Clark v. Evans*, 840 F.2d 876, 881 (11th Cir.1988). In deciding the question, the objective facts control and mere allegations of malicious intent may not prevail over those facts. *Harlow v. Fitzgerald*, 457 U.S. 800, 817–818, 102 S.Ct. 2727, 2737–2738, 73 L.Ed.2d 396 (1982). Thus, in the present case, the question is whether force was applied in a good faith effort to prevent the plaintiff's escape. We think that under the facts before the district court the defendant cannot be said to have used excessive force against the plaintiff. Here, the plaintiff not only attempted to escape, he did escape despite the shots fired by the defendant. Handcuffed, the plaintiff had climbed the gate beside the bus in which he was being returned and was running away very fast. Using deadly force appeared the only means of preventing his escape and even that did not actually do so. We conclude that on this record the district court should have held that the defendant was entitled to qualified immunity and should have entered summary judgment for the defendant.

The order appealed from will be reversed and the cause remanded with directions to enter summary judgment for the defendant.

SLOVITER, Circuit Judge, concurring.

With great respect for the majority, I believe that our jurisdiction to consider the appeal from the denial of summary judgment in this case requires more analysis than contained in the first paragraph of the majority opinion.

I do not read *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), as holding that every decision involving the question of qualified immunity is immediately appealable. As we suggested in *Chinchello v. Fenton*, 805 F.2d 126, 130–31 (3d Cir.1986), the denial of a motion for summary judgment claiming qualified immunity based on the "I didn't do it" defense will not be immediately appealable under *Mitchell*. On the other hand, we have jurisdiction to hear an appeal when the district court has denied a defendant's claim to qualified immunity which is based on the defendant's contention that the conduct on which suit is brought violated no clearly established legal norm. *Id.*

In this case, one could view the dispute between the parties as a factual one, since Henry contends that Perry gave him no prior warning before shooting. The majority apparently believes that because Henry failed to testify at his criminal trial that there was no warning, we must assume that Perry gave a warning before shooting. However, since the warning *vel non* was not relevant to Henry's criminal defense, I do not see how his failure to so testify could preclude him from raising such a claim here. Henry did file a statement under oath in the district court that there was no warning and which, liberally read, avers that he would so testify. App. at 287–90.

I am persuaded to join the majority's judgment, however, because I believe that even if Perry had failed to warn Henry, that alone could not establish the kind of malice that would defeat a qualified immu-

nity defense under the circumstances here. Henry, who had been convicted of murder and sentenced to life imprisonment, was admittedly escaping. Applying the "objective legal reasonableness" standard established by *Harlow v. Fitzgerald*, 457 U.S. 800, 819, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), and refined by *Anderson v. Creighton*, 484 U.S. 635, 107 S.Ct. 3034, 3038–40, 97 L.Ed.2d 523 (1987), Perry could have reasonably believed that he was justified in using force to stop Henry from escaping. The Deputy Superintendent filed an affidavit that every inmate in that maximum security institution must be considered dangerous, and any inmate in the act of escaping must be considered to be a danger to the community. The Operations Manual attached to Perry's affidavit sets forth that employees transporting inmates may use force, including deadly force, if an escape is attempted but must use the least degree of force necessary. There is no requirement of a warning. There is no basis in the record to conclude that Perry did not comply with the prescribed procedures.

Because the disposition of the qualified immunity claim turns on a question of law, that of legal right and correlative duty, it meets the standard for immediate appeal under *Mitchell*. I thus concur in the majority's judgment reversing and remanding with directions to enter summary judgment for defendant.