James **MEYER**, Plaintiff–Appellee,

v.

Lana J. **ROBINSON**, individually and as a Police Officer of the City of Lawrence, Defendant–Appellant.

No. 92–1595.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 10, 1992.

Decided May 6, 1993.

Offer Korin, Sutherlin & Korin, Michael K. Sutherlin (argued), Indianapolis, IN, for plaintiff-appellee.

Michael R. Morow, Stephenson & Kurnik, Indianapolis, IN (argued), for defendant-appellant.

Before COFFEY and MANION, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

MANION, Circuit Judge.

In the process of subduing an arrested suspect, Lawrence County, Indiana police officer James Meyer wrapped gauze around

the suspect's mouth to stop him from spitting. After conducting an extensive investigation, Sergeant Lana Robinson, also a member of the Lawrence County Police Department, signed a probable cause affidavit against Meyer, alleging battery against a prisoner. The case went to trial and the court granted dismissal at the close of the prosecution's evidence. Meyer filed this action under 42 U.S.C. § 1983 based upon Robinson's signing an allegedly false probable cause affidavit and under pendent state law claims of abuse of process, false arrest and malicious prosecution. Robinson filed a motion to dismiss which the district court granted and denied in part, and the court denied Robinson qualified immunity. Robinson later moved for summary judgment and again for qualified immunity, which the court denied. Although much of the case remains in the district court, Robinson appeals the single issue of qualified immunity. For the following reasons we affirm the district court's denial of qualified immunity and remand for further proceedings.

## I. Background

### A. The Facts

On May 15, 1988 Lawrence County, Indiana, police officers arrested William Kielblock for public intoxication and disorderly conduct. While being transported to the police station, Kielblock was also non-cooperative and boisterous to the officers. At the station, after removing Kielblock from the squad car, Officer Steven York rammed a nightstick against Kielblock's neck and wrapped his handcuffs around the nightstick. When Kielblock requested that Officer York stop the pressure on the handcuffs, York slammed Kielblock head first into a wall. After Kielblock was searched and placed in a holding cell, Sergeant James Meyer, plaintiff-appellee, entered the cell to check Kielblock for injury. Still handcuffed, Kielblock began spitting, even after being warned to stop. Meyer then obtained six feet of Kerlix

gauze and wrapped it over Kielblock's mouth and behind his head. Soon thereafter the gauze slipped off Kielblock's mouth; he said he would not spit again, and the gauze hung as a collar around his neck. Officers removed the gauze when they transferred Kielblock to the Marion County lock-up.

The following week Kielblock's attorney telephoned Mayor Tom Schneider and complained that the police had beaten Kielblock. Schneider contacted Chief of Police Robert Jones, who initiated an investigation under the direction of Sergeant Lana Robinson, defendant-appellant. The investigation took weeks and included viewing a videotape of the incident and taking numerous statements from the officers involved, from witnesses at the bar where the officers arrested Kielblock, and from Kielblock himself. Robinson also spoke with Officer James Fouch, a defensive tactics instructor, who told Robinson that the Kerlix gauze could not have caused the injuries Kielblock claimed to have received. Although Meyer was ultimately cleared of any brutality charges by the Lawrence County Board of Safety, his problems with the Kielblock incident were not over.

Meyer alleges that Mayor Schneider took part in the investigation to "get James Meyer." For reasons unknown, the Mayor viewed the videotape and also drafted the probable cause affidavit against Meyer.[1] Although Robinson admitted "having problems with it," she signed the affidavit upon the Mayor's orders. Specifically, on June 15, 1988, Robinson signed an information and affidavit charging Meyer with knowingly touching Kielblock in a rude, insolent and angry manner. Robinson had Meyer arrested, locked up and processed on the charge of battery. (Prior to Meyer's arrest, citizens accused of battery were issued a summons to appear, rather than a warrant to take immediate custody.) At trial, the Marion County Court dismissed the charges at the close of the state's case. This lawsuit followed.[2]

---

1. Mayor Schneider is a twenty-five year veteran of the Indianapolis Police Department, a former commander, narcotics officer, and intelligence chief—obviously experienced in drafting probable cause affidavits.

2. For purposes of this appeal, we accept Meyer's statement of the facts, to the extent not controverted in the record, and have resolved any contested facts in his favor. *Lac Courte Orielles Band of Lake Superior Chippewa Indians v. Voigt,* 700 F.2d 341, 349 (7th Cir.1983).

### B. The District Court Proceedings

On May 11, 1990, Meyer filed a complaint against Sergeant Robinson, Police Chief Jones and the City of Lawrence, for the events that proceeded from Robinson's signing of the probable cause affidavit. The district court dismissed the claim of malicious prosecution as redundant to the claim of false arrest and the pendent state law claim as barred by sovereign immunity. The court dismissed the abuse of process claim because the administrative investigation never led to the convening of a board of captains. Also, the allegations involved maliciously causing process to issue, not for improper use of process. The court dismissed the City of Lawrence because the allegations involved an isolated incident, not the result of any municipal policy. The lawsuit now surviving charges Robinson and Jones with violating Meyer's constitutional protection against unreasonable seizure based upon an unlawful probable cause affidavit and the pendent state law claim of false arrest.

In its January 28, 1991 ruling, the district court denied Robinson's and Jones's motion for qualified immunity. The court adopted the following rule: "The question determining the existence of qualified immunity is whether a reasonable person could have believed the defendants' actions to be lawful in light of clearly established law and the information possessed," *citing Henry v. Perry*, 866 F.2d 657, 659 (3d Cir.1989) (*citing Anderson v. Creighton*, 483 U.S. 635, 642, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987)). Taking the facts in the complaint as true, the court noted that "Robinson was aware of the findings of the internal police investigation clearing Meyer of misconduct yet filed her affidavit anyway. [¶] Whether Robinson withheld or misrepresented information in her affidavit" was a critical question of fact resolved in Meyer's favor. After numerous affidavits were filed, on March 6, 1992, the court in a one page entry denied the defendants' motion for summary judgment or in the alternative for qualified immunity. It is from this latter ruling that Robinson appeals.

### II. Jurisdiction

■ Pursuant to 28 U.S.C. § 1291, we have jurisdiction over final decisions of the district court. *First Nat'l Bank v. Comptroller of the Currency of the United States*, 956 F.2d 1360, 1363 (7th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 93, 121 L.Ed.2d 55 (1992). In this case, however, the district court has not finalized the case. The parties stipulate that the state law false arrest claims remain in the dispute. With no final decision from the district court, the general rule of section 1291 normally prevents our hearing of this appeal. However, "[a] district court's denial of a claim of qualified immunity, to the extent it turns on an issue of law, is an appealable, 'final decision' within the meaning of 28 U.S.C. § 1291." *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985). The qualified immunity exception to the general rule of section 1291 seeks to free governmental officials from the burdens, distractions and expenses of trial, and ultimately to provide less deterrence to people desiring public service employment. *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18, 102 S.Ct. 2727, 2737–38, 73 L.Ed.2d 396 (1982); *Scott v. Lacy*, 811 F.2d 1153 (7th Cir.1987).

> Under the *Harlow* standard, qualified immunity should be granted when the official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. The objective standard is designed to protect the public interest in deterrence of and compensation for an official's ability to make difficult decisions with independence and without fear of consequences.

*Cleveland–Perdue v. Brutsche*, 881 F.2d 427, 430 (7th Cir.1989) (citations omitted), *cert. denied*, 498 U.S. 949, 111 S.Ct. 368, 112 L.Ed.2d 331 (1990).

■ If the qualified immunity question on appeal concerned disputed, material facts, however, we would still have no jurisdiction. *Elliott v. Thomas*, 937 F.2d 338, 342–43 (7th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1242, 117 L.Ed.2d 475 (1992). For example, if the parties were disputing who did what, when, any question of qualified immunity would have to wait until those fact issues were resolved. But if the acts committed are not in dispute, this court can

examine those undisputed facts to determine if they violated a law that was clearly established at the time. Robinson does not argue that "we didn't do it." *Id.* Rather, Robinson argues that her signed probable cause affidavit suffices to establish the necessary elements of battery under Indiana law and thus the law was "clearly established" that she had probable cause to believe Meyer had committed a battery. Although as shown below we reject Robinson's view of this case, it nevertheless presents us with a question of law, giving this court jurisdiction under 28 U.S.C. § 1291 and *Mitchell.*

## III. Discussion

In her "Statement of Material Facts Not in Dispute," filed with the district court, Robinson states that she did not personally witness the incident of May 25, 1988, when Meyer wrapped Kerlix gauze over Kielblock's mouth. She also wants this court to ignore the actions of the Lawrence County Board of Safety, stating that the Board at that point had made no findings or conclusions; although Meyer was ultimately cleared of any brutality charges, Robinson states that this determination was made several months after she signed the affidavit. For purposes of this appeal, three paragraphs from her Statement are relevant:

3. That Defendant Robinson's probable cause Affidavit of July 15, 1988 states that Kielblock complained of having gauze wrapped around his neck and mouth by Meyer, so as to close Kielblock's mouth, and the Complaint admits that an incident of this nature occurred.

4. Prior to her signing the probable cause affidavit, Defendant Robinson received a statement from inmate Kielblock, in which Kielblock unequivocally claimed that he had suffered physical trauma in the nature of physical abrasions from Meyer's actions, and physical pain and restriction in the nature of closing his mouth, from the wrapping of the gauze, all during a time when Kielblock was handcuffed.

7. Probable cause existed on July 15, 1988 to arrest James Meyer for either assault and battery generally under *I.C.* section 35–42–2–1(1), or assault and battery with bodily injury under *I.C.* section 35–42–2–1(2)(A), or both.

Without deciding the question, we will assume that Robinson's affidavit, taken alone, presents sufficient probable cause for assault and battery pursuant to Indiana law. In response, Meyer states that "as a police officer, [I am] privileged to act in good faith in a legitimate effort to protect society, a fact that Lana Robinson, as a police officer and police Captain, is required to know." To this argument Robinson filed no reply in the district court.

Police officers are constantly confronted with difficult and trying duties in handling prisoners, many of whom are hardened and resourceful, and the courts will go far in the support of police officers who act in good faith in a legitimate effort to protect society. They may exercise reasonable means for the safekeeping of prisoners, to preserve discipline and to secure obedience to reasonable orders.... [¶] The law protects persons charged with crime from ill and unjust treatment at all times. Only reasonable and necessary force may be used in making an arrest.

*Bonahoon v. State,* 178 N.E. 570, 571 (Ind. 1931), quoted with approval in *Roberts v. State,* 307 N.E.2d 501, 506 (Ind.App.1974). Just how far will the law go in support of police officers?

A police officer in the lawful discharge of his duties is privileged to use only that force which is reasonable and necessary to effect an arrest. If he uses unnecessary force his conduct is no longer privileged and he is answerable for an assault and battery.... *The issue is whether under the circumstances the force used was excessive.* If it was, the assault and battery was not privileged. On the other hand, *if the force used was reasonable and was incident to a lawful arrest, it was privileged.*

*City of South Bend v. Fleming,* 397 N.E.2d 1075, 1077 (Ind.App.1979) (citations omitted; emphasis added); *see Plummer v. State,* 135 Ind. 308, 34 N.E. 968 (Ind.1893).

■ Robinson does not dispute that she enjoys qualified immunity only where a reasonable person could have believed that Mey-

er's actions were unlawful in light of clearly established law and the information she possessed. *See Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738. "Defendants will be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue; but if officers of reasonable competence could disagree on this issue, immunity should be recognized." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986). Merely citing to the elements of assault and battery under Indiana Code sections 35–42–2–1(2) or 35–42–2–1(2)(A) does not establish probable cause where a police officer is effectuating a lawful arrest. Obviously Meyer committed the elements of assault and battery when he forcibly wrapped the gauze over Kielblock's mouth. Under Robinson's theory, every time a police officer in the course of an arrest touches a suspect (while handcuffing, searching or otherwise taking physical control), the police officer can be arrested. No competent officer, reasonable or not, "could disagree" that a warrant should not issue simply because an arresting officer breached the statutory elements of assault and battery while making an arrest. *See Rakovich v. Wade,* 850 F.2d 1180, 1209 (7th Cir.), *cert. denied,* 488 U.S. 968, 109 S.Ct. 497, 102 L.Ed.2d 534 (1988). Common sense, and the law, dictates that Robinson must show that "under the circumstances the force used [by Meyer] was excessive." *Fleming,* 397 N.E.2d at 1077. *See Bostic v. City of Chicago,* 981 F.2d 965, 968 (7th Cir. 1992).

Meyer provides support in the record that Kielblock suffered no injury, such as bruises or scrapes, from the wrapping of Kerlix gauze over his mouth. Also, Meyer asserts that wrapping gauze over a prisoner's mouth to prevent spitting is reasonable, especially as protection from the dangers of AIDS and other communicable diseases. Robinson argues that Meyer's AIDS justification is not supported in the record. However, Meyer made this argument on page ten of his response to Robinson's motion for summary judgment before the district court, to which she did not reply. Robinson does not challenge that Meyer's deposition supports his assertions, only that the deposition was not filed with the district court; but the time for such an argument was in a reply brief to the district court, not in a reply brief on appeal.

In any event, contrary to Robinson's assault and battery theory, whether Meyer caused Kielblock any injury is a relevant inquiry. Meyer's affidavits support the assertion that Kielblock's scratches were caused by fingernails, not gauze. And nothing in the record even hints that Meyer scratched Kielblock. While excessive force does not require injury, *Lester v. City of Chicago,* 830 F.2d 706 (7th Cir.1987), no injury gives weight to the assertion of no excessive force. That is not to say the record is complete. Robinson filed her motion for summary judgment under the assumption that the amount of force used by Meyer was not a material issue. As we have shown, it is. But Meyer has not filed a cross-motion for summary judgment; nor has the district court entered any findings of fact or conclusions of law. Thus, we hold that material issues of fact remain in dispute regarding whether Meyer's arrest of Kielblock involved excessive force and whether a reasonably competent officer would have signed the probable cause affidavit in light of the information she possessed.

### IV. Conclusion

The district court properly denied Robinson's motion for qualified immunity. The district court is AFFIRMED, and the case is remanded for further proceedings.