42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carol HARRIMAN, Plaintiff-Appellee,
v.
CITY OF INDIANAPOLIS, Paul Annee, individually and as Chief
of Police of the Indianapolis Police Department, Penny
Davis, individually and as police officer of the
Indianapolis Police Department, et al., Defendants-Appellants.
 No. 93-3959.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 28, 1994.
Decided Dec.6, 1994.
 
 Before CUMMINGS, GOODWIN* and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Carol Harriman, a former member of the Indianapolis Police Department, sued the City of Indianapolis and several members of its police department in a complaint alleging that she was a victim of retaliatory discharge in violation of her First Amendment speech rights. Her amended complaint added counts alleging claims for sex discrimination under the Fourteenth Amendment and 42 U.S.C. Sec. 2000(e) et seq. She sought compensatory and punitive damages and declaratory and injunctive relief.
 
 
 2
 Subsequently the district court dismissed plaintiff's claims against the City and the individual defendants in their official capacities under 42 U.S.C. Sec. 1983 and also her claims for equitable relief as to sex discrimination under the Fourteenth Amendment and 42 U.S.C. Sec. 2000(e). The only remaining claims were plaintiff's allegations of retaliatory discharge under the First Amendment and sex discrimination under the Fourteenth Amendment and 42 U.S.C. Sec. 2000(e). Thereafter the defendants filed a motion for summary judgment.
 
 
 3
 On December 1, 1993, the district court granted defendants summary judgment on plaintiff's Fourteenth Amendment claim (Count IV) and her claim under 42 U.S.C. Sec. 2000(e) (Count V). The district court denied defendants summary judgment on Harriman's First Amendment claim and on their qualified immunity. The latter defense is the subject of this appeal. Judge Dillin found that there was a question of fact as to whether the defendants were entitled to qualified immunity because it was "not clear what factors influenced the decision to terminate" plaintiff. Defendants' App. 24.
 
 Discussion
 
 4
 Defendants assert that they should have been granted qualified immunity for their decision to terminate plaintiff "even if Harriman spoke on a matter of public concern." Defendants' App. 21. However, the court noted that they could not prevail on qualified immunity if the plaintiff could present evidence under which they would not be entitled to that defense. Since the record was "not clear what factors influenced the decision to terminate Harriman" (Defendants' App. 24), it denied defendants' request for qualified immunity.
 
 
 5
 As noted previously, qualified immunity is the only subject matter of this appeal and the district court concluded that disputed material facts exist as to that issue. Consequently we have no jurisdiction as we recently explained in Meyer v. Robinson, 992 F.2d 734, 737-738 (1993):
 
 
 6
 If the qualified immunity question on appeal concerns disputed, material facts [rather than an issue of law], we [court of appeals] would * * * have no jurisdiction. Elliott v. Thomas, 937 F.2d 338, 342-343 (7th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1242, 117 L.Ed.2d 475 (1992). For example, if the parties were disputing who did what, when, any question of qualified immunity would have to wait until those fact issues were resolved. But if the acts committed are not in dispute, this court [court of appeals] can examine those undisputed facts to determine if they violated a law that was clearly established at the time.
 
 
 7
 In his opinion, Judge Dillin noted that critical facts were not yet established that would entitle defendants to qualified immunity. Thus it was not shown "whether or not those with input into the decision to terminate Harriman were influenced, and if so, to what degree by reports of her criticism of police abuses" rather than "solely because of poor evaluations." Defendants' App. 21-22. Consequently under Meyer v. Robinson and Elliott v. Thomas, this Court does not have jurisdiction to review the district court's ruling denying defendants summary judgment on the issue of qualified immunity.[1]
 
 
 8
 Appeal dismissed.
 
 
 
 *
 The Honorable Alfred T. Goodwin of the United States Court of Appeals for the Ninth Circuit is sitting by designation
 
 
 [1]
 At trial, the district court can determine whether plaintiff's speech was of public concern protected by the First Amendment, another undecided issue precluding appellate jurisdiction here because of contested facts